No. 21-1077

_____

# IN THE UNITED STATES COURT OF APPEALS
## for the First Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

ALEXIS D. NEGRON-CRUZ

*Defendant – Appellant.*

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

_____

## BRIEF FOR THE APPELLANT

_____

***KENDYS PIMENTEL SOTO***
USDC-PR 226704 -CA BAR 82621

**KENDYS PIMENTEL SOTO
  LAW OFFICE LLC**
PO Box 270184
San Juan, PR 00927-0184
e-mail: kendys@pimentelsoto.com
Tel.: (787) 370-0091

*San Juan, Puerto Rico*                    *Attorney for Defendant-Appellant*
*May 24th, 2021*

21-1077

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ i-iv

I.    APPELLATE JURISDICTION ............................................... 2-6

II.   STATEMENT OF THE ISSUES .............................................. 7

      A.    Whether the district court incurred in abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility for psychiatric examination, evaluation and *treatment*.

      B.    Whether the district court incurred in abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility in North Carolina without a finding that a facility in Puerto Rico, or a closer facility to Puerto Rico, was not practical.

      C.    Whether the district court incurred in abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility for, *inter alia*, psychiatric _treatment_ without (a) the corresponding evidentiary hearing nor (b) finding by preponderance of the evidence that defendant was unable to understand the nature and consequences of the proceedings or to assist properly in his defense.

III.  STATEMENT OF FACTS ..................................................... 8-14

IV.   SUMMARY OF THE ARGUMENT ........................................ 15-16

V.    ARGUMENT ...................................................................... 17-23

      The district court committed reversible abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility in North Carolina for mental examination, evaluation and treatment prior to determining defendant's competency.......................................................17-23

i

Standard of review ................................................................ 17

Competency determination proceeding ............................ 17-20

*Sell v. United State*s ........................................................... 20-23

VI. CONCLUSION ......................................................................... 24

CERTIFICATE OF COMPLIANCE ......................................................25-26

CERTIFICATE OF SERVICE ....................................................... 27

ADDENDUM

21-1077

# TABLE OF AUTHORITIES

## United States Code

18 U.S.C. §

| | |
|---|---|
| 3583 | 22 |
| 4241(a) | 14, 15, 18 |
| 4241(b) | 15, 19 |
| 4241(c) | 19 |
| 4241(d) | 16, 19 |
| 4247(b) | 14, 15, 18 |
| 4247(c) | 19 |
| 4247(d) | 19 |

## United States Sentencing Guidelines

| | |
|---|---|
| §7B1.1 | 22 |
| §7B1.3 | 22 |
| §7B1.4 | 22 |

## Federal Cases

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ....................................... 3

*Flanagan v. United States*, 465 U.S. 259 (1984) ........................................................... 3

*Sell v. United States*, 539 U.S. 166 (2003) ..................................................... 16, 21, 23

*United States v. Berrios*, 120 Fed.Appx. 218 (10th Cir. 2005) ...................................... 4

*United States v. Davis*, 93 F. 3d 1286 (6th Cir. 1996) .................................................... 3

*United States v. Deters*, 143 F.2d 577 (10th Cir. 1998) ................................................. 4

*United States v. Deters*, 143 F.2d 577 (10th Cir. 1998) ................................................. 5

*United States v. Filippi*, 211 F.3d 649 (1st Cir. 2000) ................................................... 5

*United States v. Friedman*, 366 F.3d 975 (9th Cir. 2004) .............................................. 5

*United States v. Gagan*, 95 Fed.Appx. 941 (10th Cir. 2004) ......................................... 4

*United States v. Mahoney*, 717 F.3d 257 (1st Cir. 2013) ................................................ 5

*United States v. Malmstrom*, 967 F.3d 1 (1st Cir. 2020) ............................................. 17

*United States v. Maryea*, 704 F.3d 55 (1st Cir. 2013) ................................................. 17

*United States v. Mckown*, 930 F.3d 721 (5th Cir. 2019) .............................................. 5

*United States v. Rinaldi*, 351 F.3d 285 (6th Cir. 2003) .............................................. 4

*United States v. Weissberger*, 951 F.2d 392 (D.C.C. 1992) ......................................... 4

## Note on Citations to Record

Materials contained in the Addendum bound at the rear of the brief are cited as "Add". Citations to the Appendix appear in this brief as "App." Citations to the Sealed Supplemental Appendix appear in this brief as "Supp. S. App." Citations to the transcripts reproduced in the Appendix appear as "Transc". "DE" refers to the docket entry or document that is part of the record in this case, the number corresponding to the document's number on the District of Puerto Rico PACER docket for *United States v. Alexis D. Negron-Cruz,* Crim. No. 11-299 (FAB). Page is abbreviated as "p." or "pp." when in plural.

No. 21-1077

---

## IN THE UNITED STATES COURT OF APPEALS
### for the First Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

ALEXIS D. NEGRON-CRUZ

*Defendant – Appellant.*

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---

## OPENING BRIEF FOR THE APPELLANT

---

**TO THE HONORABLE COURT:**

The defendant-appellant ALEXIS D. NEGRON-CRUZ, through the undersigned attorney, very respectfully states and prays:

## I.     APPELLATE JURISDICTION

### Timeliness of the appeal

Mr. Negron-Cruz appeals from an order committing him, *for an indefinite period of time*, to Butner Federal Correctional Facility, North Carolina, for a psychiatric evaluation and treatment. (DE-261, Add. pp. 1-2) This order was issued and entered on the docket on December 11, 2020, by the United States District Court for the District of Puerto Rico (Hon. Francisco A. Besosa), pursuant to 18 U.S.C. § 4241(b), and after Mr. Negron-Cruz was arrested for alleged violations to his conditions of supervised release. (DE-261, Add. pp. 1-2; Transc. Final Revocation Hrg., App. pp. 69-91)

After considering the January 15, 2021, *pro se* filing before the district court and construing it as a notice of appeal (DE-262, App. pp. 92-96),[1] on February 26, 2021, this Circuit Court ordered the district court to rule whether it would enlarge the time for filling an appeal and consider the January 15, 2021, motion as a "notice of appeal timely filed." (DE-270, App. p. 103) The district court enlarged the time to appeal up to and including January 15, 2021. (DE-271, App. p. 129)

---

[1] See also counsel for Negron-Cruz's motion filed on January 16, 2021, and defendant's additional *pro se* motion filed on February 5, 2021. (DE-264 and DE-268, App. pp. 97-99 and 100-102)

Accordingly, Mr. Negron-Cruz timely filed a notice of appeal.

**Collateral order appealability**

This Court has jurisdiction to consider this appeal pursuant to the collateral order doctrine. Under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-7 (1949), and *Flanagan v. United States*, 465 U.S. 259, 265 (1984), an interlocutory order is immediately appealable under the "collateral order" exception to the final judgment rule if (a) it conclusively determines the disputed question; (b) resolves an important issue completely separate from the merits of the action; and (c) would be effectively unreviewable on appeal from a final judgment.

"An order of commitment for psychiatric evaluation [under 18 U.S.C. § 4241(b)] easily satisfies the requirement of the collateral order doctrine." *United States v. Davis*, 93 F. 3d 1286, 1289 (6th Cir. 1996). "While the district court order did not finally decide the defendant's competency or mental capacity […], the decisions reached are sufficiently conclusive to have been relied upon by the district court in ordering […] [the] involuntary commitment, a serious consequence itself." 93 F.3d 1289. It is an issue "completely independent from the issue of the defendant's guilt or innocence of the" alleged violations of supervised release. 93 F.3d 1289. There is no "effective relief" that could be provided" for this loss of liberty and such decision would evade review after any final resolution of the

violation of supervised release matter. 93 F.3d 1289. A competency evaluation order [under 18 U.S.C. § 4241(b)], albeit not a "final order," "is reviewable under the so-called 'collateral order' doctrine, just as is the decision denying bail." *United States v. Weissberger*, 951 F.2d 392, 396 (D.C.C. 1992). Thus, a district court's decision to have the defendant "undergo an involuntary psychiatric examination easily satisfies the Cohen test of appealability as a collateral order." 951 F.2d 396. "Not only would [] [this defendant] be subjected to [] [an *indefinitely*] confinement in a mental institution, but he also would be subjected to the additional intrusion of a forced medical examination" and treatment, and "post-confinement review will provide no relief for the loss of liberty associated with the competency evaluation and forced medical treatment. 951 F.2d 397 (text in brackets added).

See also *United States v. Gagan*, 95 Fed.Appx. 941, 945 (10th Cir. 2004) (unpublished) (an order committing defendant for a mental evaluation under 18 U.S.C. § 4241(b) is "immediately appealable") (quoting *United States v. Deters*, 143 F.2d 577, 581 (10th Cir. 1998)); *United States v. Rinaldi*, 351 F.3d 285, 288 (6th Cir. 2003) ("The requirements of the collateral order doctrine are easily satisfied in this case of an order of commitment for psychiatric examination" under 18 U.S.C. § 4241(b)); *United States v. Berrios*, 120 Fed.Appx. 218, 220-21 (10th Cir. 2005) (unpublished) (applying the *Cohen* factors and finding an order pursuant to §

4

4241(b) appealable under the collateral order exception); *United States v. Deters*, 143 F.2d 577, 581-82 (10th Cir. 1998) (same).

Other interlocutory orders pursuant to different § 4142's competency determination proceeding stages have also been found to be appealable under this same reasoning in this Circuit Court. See *United States v. Filippi*, 211 F.3d 649, 650-51 (1st Cir. 2000) (after a finding of incompetency, an order committing the defendant to a federal facility for mental treatment under § 4241(d), to determine whether there is a substantial probability that in the foreseeable future he would attain capacity, albeit not a "final order," is immediately appealable under the collateral order doctrine); *United States v. Mahoney*, 717 F.3d 257, 262-63 (1st Cir. 2013) (same and collecting cases); also, *United States v. Friedman*, 366 F.3d 975, 979-80 (9th Cir. 2004); *United States v. Mckown*, 930 F.3d 721, 725-26 (5th Cir. 2019).

In this case, the appealed order conclusively determined that Mr. Negron-Cruz needed to undergo a psychiatric examination and, additionally, psychiatric *treatment*. His mental capacity to understand the revocation proceeding is separate from the issue of whether he violated his supervised release conditions. It also encroaches important civil liberties by imposing involuntary hospitalization and mental evaluation *and* treatment. This order for commitment, psychiatric

5

examination and treatment would be unreviewable after the final resolution of the revocation of supervised release proceeding.

This Circuit Court has jurisdiction under the "collateral order" exception to the final judgment rule.

## II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**A.** **Whether the district court incurred in abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility for psychiatric examination, evaluation and *treatment*.**

**B.** **Whether the district court incurred in abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility in North Carolina without a finding that a facility in Puerto Rico, or a closer facility to Puerto Rico, was not practical.**

**C.** **Whether the district court incurred in abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility for, *inter alia*, psychiatric *treatment* without (a) the corresponding evidentiary hearing nor (b) finding by preponderance of the evidence that defendant was unable to understand the nature and consequences of the proceedings or to assist properly in his defense.**

## III.   STATEMENT OF FACTS

Mr. Negron-Cruz pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). (DE-143, App. p. 1-7; DE-112, App. p. 115) In 2013 he was sentenced to one hundred twenty years in prison followed by a term of supervised release of twenty-five years. (DE-143, App. pp. 102-103) He began serving his supervised release term on December 17, 2019. (DE-199, App. p. 8)

On April 2, 2020, the Probation Officer in charge of Mr. Negron-Cruz's supervision notified the district court that Mr. Negron-Cruz supposedly had violated special conditions of supervised release number 7 and 18 because he (a) refused to sign the release for confidential information form for the Probation Officer to have access to the results of his mental evaluation and (b) admitted to been using the internet and his emails accounts without the installation of a monitoring system device by the Probation officer. (DE-199, App. pp. 8-10) According to the Probation Officer, Mr. Negron-Cruz stated that he "was not in agreement" with several of the special conditions of supervised release, including number 7 and 18, and that "as such, he will not be complying with them."[2] (DE-199, App. p. 11) Additionally, it

---

[2] These conditions were appealed by Mr. Negron-Cruz after he was sentenced in 2013. See *United States v. Alexis Negron-Cruz*, Appeal No. 14-1044. This Court dismissed the appeal concluding that Mr. Negron-Cruz waived his right to appeal as part of his plea agreement.

was noted that Mr. Negron-Cruz had "been complying with all other conditions of supervision and has made himself available for supervision and accessible when required."[3] (DE-199, App. p. 11)

On April 21, 2020, the district court initiated a supervised release revocation proceeding by issuing an order to show cause against Mr. Negron-Cruz and appointed counsel under the Criminal Justice Act to represent him. (DE-202, App. p. 122)

On June 26, 2020, Mr. Negron-Cruz filed a *pro se* motion claiming that he had no effective assistance of counsel because counsel wanted to "surrender" his rights and that allegedly counsel stated that he could not help Mr. Negron-Cruz. (DE-210, App. pp. 15-21) Defendant stated the reasons he had to not comply with the conditions he objected and explaining that it was not an arbitrary noncompliance. (DE-210, App. pp. 15-21)

On June 29, 2020, a show cause hearing was held and Mr. Negron-Cruz agreed to comply with all conditions of supervised release and, accordingly, the

---

[3] Subsequently, on April 27, 2020, the Probation Officer asked the court to suspend the drug testing condition since Mr. Negron-Cruz had no history of alcohol or drug use and no history of treatment for substance abuse, and the court granted this request. (DE-205, App. pp. 13-14; DE-206; App. p. 122)

district court held in abeyance the request for revocation filed by the Probation Officer. (DE-212, App. p. 123)

On July 17, 2020, Mr. Negron-Cruz filed another *pro se* motion explaining that he was unemployed and could not pay for the monitoring device required by the Probation Officer to allow him to use the internet and that such condition was in any event unconstitutional in violation of his right to free speech. (DE-213, App. pp. 22-25) He requested to be relieved from complying. The Probation Officer replied to Mr. Negron-Cruz's request arguing that Mr. Negron-Cruz had shown "resistance and defiance to comply with the supervised release conditions." (DE-215, App. pp. 26-31) Moreover, on July 29, 2020, the Probation Officer asked the district court for an arrest warrant against Mr. Negron-Cruz based on that he continued to refuse to sign the release of information consent form, and that he was submitted to a mental evaluation that reflected that he was evasive and unwilling to divulge matters related to his sex offense and that he suffered from mental health issues that required "psychiatric evaluation for treatment purposes including pharmacological treatment." (DE-218, App. pp. 32-36) Defendant also claimed to not have been truthful to the Probation Officer and to have continued using the internet unmonitored in violation of special conditions number 3 and 19. (DE-218, App. pp. 33-35)

10

After an arrest warrant was issued, defendant was arrested on July 31, 2020, and detained pending further proceedings. (DE-219, DE-220 and DE-222, App. p. 124)

Before the preliminary revocation hearing was held, the Probation Officer filed another motion adding claims of additional violations because allegedly Mr. Negron-Cruz refused to "speak about his past or sexual history" and "discuss his record" during a polygraph testing, and because several cellphones were seized from him when he had no authorization to possess them. (DE-226, App. pp. 37-42)

After Mr. Negron-Cruz contested the violations during the preliminary revocation hearing held on August 20, 2020, the court found probable cause to believe that the supervised release conditions had been violated. (DE-229, App. p. 125) Defendant was detained pending the final revocation. (DE-228, App. p. 125)

On September 22, 2019, Mr. Negron-Cruz again informed the court in a *pro se* motion that he was not having effective assistance of counsel and that he did not need, nor wanted, mental health treatment.[4] (DE-231, App. pp. 44-48) Counsel for defendant replied and asked to be relieve from the representation because the

---

[4] Defendant also asked for other reliefs in this motion, to which the Probation Officer replied to and the district court denied. (DE-234 and DE-236, App. pp. 52-57)

circumstances made it "impossible" to adequately represent Mr. Negron-Cruz and "the communication and trust [] [were] deteriorated." (DE-233, App. pp. 49-51) The district court summarily denied counsel's request to withdraw.[5] (DE-236, App. p. 56)

While the final revocation hearing was pending to be held, on December 8, 2020, the government filed a motion requesting that Mr. Negron-Cruz be committed to a federal facility for a mental evaluation to "asses whether he understands the proceedings and whether he is challenging the conditions of supervised release because he either, consciously does not want to comply with the conditions or because he has a mental defect that is preventing him from complying." (DE-251, Supp. S. App. pp. 1-2) A mental assessment report of defendant was attached to this motion, which found that he suffered from several mental disorders, and based on which the government asked that he be provided with treatment while committed.

---

[5] The relationship between court-appointed counsel and defendant does seem to be irreparably broken since early on the proceeding. (DE-210, App. pp. 15-21; DE-231, App. pp.44-48; DE-233, App. pp. 49-51; Transc. Final Revocation Hrg. 72-77, 85) The district court's decision to summarily deny counsel's request to withdraw (DE-236, App. p. 56), notwithstanding such officer of the court assuring that it was "impossible" to adequately represent defendant and that there was no effective communication among them, and when the defendant himself also claimed no effective assistance of counsel, is problematic and shows possible irreparable infirmity in the revocation proceeding. (DE-210, App. 15-21 and DE-233, App. pp. 49-51)

(DE-251, Supp. S. App. pp. 1-34) Counsel for Mr. Negron-Cruz objected this request and asked for the mental assessment report to be excluded from the record. (DE-252, App. pp. 58-59) Defendant also filed a *pro se* motion repeating that he did not need mental health treatment. (DE-257, App. pp. 60-64) After the government replied, the court denied the objection to the report. (DE-255, App. p. 127)

On December 11, 2020, the final revocation hearing was held. (DE-258, App. p. 127-128) Counsel for Mr. Negron-Cruz informed that he was not authorized to represent him during the hearing and that he had advised defendant to comply with the conditions and such recommendation was "against the desire of the Defendant." (Transc. Final Revocation Hrg., App. pp. 72-77) Counsel further stated that Mr. Negron-Cruz previously told him that he will not challenge the violations and that counsel intended to ask for "an adequate sentence, considering that the conditions were violated." (Transc. Final Revocation Hrg., App. p. 77) The government asked for Mr. Negron-Cruz commitment to receive "mental treatment," "psychiatric help" and be medicated. (Transc. Final Revocation Hrg., App. pp. 78-79) The Probation Officer argued that treatment was necessary for Mr. Negron-Cruz "to gain that stabilization that would allow him to comply with the supervised conditions as expect[ed]." (Transc. Final Revocation Hrg., App. p. 81) Mr. Negron-Cruz objected to any evaluation and treatment and asked that, if any treatment would be ordered,

that it be out-patient after he is released and in Puerto Rico, additionally objecting

his transfer to Butner. (Transc. Final Revocation Hrg., App. pp. 82-89, 90)

After listening to Mr. Negron-Cruz's allocution (Transc. Final Revocation

Hrg. App. pp. 85-90), the district court did not revoke the supervised release term

and instead referred Mr. Negron-Cruz to Butner for inpatient "examination,

evaluation and treatment" pursuant to 18 U.S.C. §§ 4241(a), 4242(a) and 4247. (DE-

261, Add. pp. 1-2) The commitment of defendant to Butner was "to determine

defendant's mental competency to comply with the supervised release term

conditions, that is, whether he is able to understand the proceedings against him, to

consult with his counsel and aid in his defense and in order to treat defendant as

deemed necessary by the psychiatrist at Butner Correctional Institution." ((Transc.

Final Revocation Hrg. App. p. 90; DE-261; Add. 1-2) After listening to the district

court's order during the final revocation hearing, Mr. Negron-Cruz begged the court

"[p]lease don't do that to me." (Transc. Final Revocation Hrg., App. p. 90)

## IV. SUMMARY OF ARGUMENT

The district court committed reversible abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility in North Carolina for mental examination, evaluation and treatment prior to determining defendant's competency. Pursuant to 18 U.S.C. § 4142(a), when a party files a motion for hearing to determine whether the defendant is competent to understand the proceedings and assist in his defense, the district court shall order such hearing after finding that there is probable cause to believe that defendant may not be competent. Prior to the hearing, the district court may order a psychiatric "examination" and may commit the defendant to be "examined" "for a reasonable period, but not to exceed 30 days." 18 U.S.C. §§ 4241(b) and 4247(b). "Unless impracticable, the psychiatric or psychological *examination* shall be conducted in the suitable facility closest to the court." 18 U.S.C. § 4247(b) (italic added).

In this case, over Mr. Negron-Cruz's objection, the district court made errors of law by mandating (a) that defendant be committed *indefinitely* when the statute only permits up to a period of 30 days; and (b) that the commitment be at a facility in North Carolina without a finding that a suitable facility in Puerto Rico, or closer to Puerto Rico, was not practical. Significantly, exceeding the authority provided by § 4241(b) limited to an order for "**examination**" prior to the competency hearing, the

district court ordered that Mr. Negron-Cruz be forced to receive **treatment**, also bypassing the required evidentiary hearing and specific finding of incompetency required by § 4241(d) before any "treatment" could be forced upon the defendant.

Furthermore, this *treatment* order violated Mr. Negron-Cruz' due process and his constitutional liberty interest in avoiding the forced administration of drugs absent any important governmental interest and with the single purpose of making him comply with supervised release conditions. See *Sell v. United States*, 539 U.S. 166 (2003).

These errors of law constituted reversible abuse of discretion.

V.   **ARGUMENT**

A.   **The district court committed reversible abuse of discretion by ordering Mr. Negron-Cruz to be *indefinitely* committed to a federal medical-prison facility in North Carolina for mental examination, evaluation and treatment prior to determining defendant's competency.**

**Standard of review**

Mr. Negron-Cruz objected to be committed to any institution for mental examination and treatment and he additionally objected to be transferred from this jurisdiction for any mental evaluation. (DE-252, App. 58-59; DE-257, App. pp. 60-64; Transc. Final Revocation Hrg., App. pp. 82-89; 80) At the end of the final revocation hearing, Mr. Negron-Cruz personally stated "don't do that to me." (Transc. Final Revocation Hrg., App. p. 90)

The district court's decision whether to grant a motion for a competency hearing and/or order a mental examination to determine a defendant competency is reviewed for abuse of discretion. *United States v. Maryea*, 704 F.3d 55, 69 (1st Cir. 2013); *United States v. Malmstrom*, 967 F.3d 1, 4 (1st Cir. 2020). Under this standard, questions of law are examined *de novo*. *Malmstrom*, 967 F.3d 4.

**Competency determination proceeding**

While a defendant is serving a term of supervised release, the government or the defendant may file a motion for a hearing to determine the mental competency

of the defendant and the district court shall grant the motion if there is reasonable cause to believe that the defendant may be suffering from a mental disease rendering him incompetent to understand the nature and consequences of the proceedings against him or to assist in his defense. 18 U.S.C. § 4241(a). Prior to such hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted" pursuant to 18 U.S.C.§ 4247(b).

Under § 4247(b), when the examination of defendant is ordered pursuant to § 4241, "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, […] to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C.§ 4247(b). "Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." 18 U.S.C.§ 4247(b). The director of the facility may apply for a reasonable extension not to exceed fifteen days upon showing good cause to observe and evaluate the defendant. 18 U.S.C.§ 4247(b).

After the mental examination of the defendant is completed and the corresponding report filed with the court with copies to all parties, the statute provides that a hearing must be held where the defendant would be assisted by counsel and afforded the opportunity to testify, present evidence, subpoena

witnesses and confront the witness who appear at the hearing. 18 U.S.C. § 4241(b) and (c) and § 4247(c) and (d). It is further provided that:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility […].

18 U.S.C. § 4241(d). Thus, an order for treatment is only contemplated after the defendant is found to be incompetent to understand the proceedings or assist in his defense, not before.

Accordingly, the proceeding to determine a defendant's competency could be initiated with a motion for a competency hearing during which the defendant is entitled to be heard and confront the evidence. The motion for hearing must be supported by information leading the court to find reasonable cause to believe that the defendant may be incompetent. If that is the district court's finding, the defendant may be committed for a mental examination by order of the court. Such mental examination must be completed within thirty days, that could only be extended up to fifteen days after a particular showing of good cause. When the mental examination is completed, the competency hearing may be held and, only if the court

determines by preponderance of the evidence that the defendant is presently mentally incompetent, hospitalization for "treatment" is permitted.

In this case, not only the district court committed Mr. Negron-Cruz *indefinitely* for a mental evaluation and examination, but ordered that he be provided "treatment" without any prior hearing or finding by preponderance of the evidence of mental incompetency. Additionally, he was ordered to be committed to a federal facility in North Carolina without any consideration of any other closer facility. All this, over defendant's objection.

These were all errors of law that constituted reversible abuse of discretion.

### Sell v. United States

The fact that Mr. Negron-Cruz would be forced to receive treatment and medication is additionally problematic because such measure is specifically focused on making him competent to stand the revocation of supervised release proceedings or stopping him from objecting the conditions or declining to comply with the conditions. The government asked for Mr. Negron-Cruz's commitment to receive "mental treatment," "psychiatric help" and be medicated and the Probation Officer argued that treatment was necessary for defendant "to gain that stabilization that would allow him to comply with the supervised conditions as expect[ed]." (Transc. Final Revocation Hrg. App. pp. 78-79, 81) The request was for a "psychiatric

20

evaluation for treatment purposes including pharmacological treatment." (DE-218, App. p. 33) The court indeed ordered defendant to receive involuntary treatment.

A defendant cannot be compelled to receive mental health treatment and medication solely to render him competent to stand a criminal proceeding and without any finding of important governmental interests such as danger to himself or others. See *Sell v. United States*, 539 U.S. 177-180. In this case, no identifiable important governmental interest can be found on the district court's decision justifying bypassing all due process guarantees provided by the applicable statute and encroaching defendant's constitutional right to reject mental health treatment and medication against his will. See *Sell*, 539 U.S. 177-178. The single interest identified by the government's motion requesting a mental evaluation and treatment was to have defendant abide by the supervised release conditions. The record shows that the government and the Probation Officer were aiming to compel Mr. Negron-Cruz to undergo the mental health evaluation and treatment required by his supervised release conditions which he could not otherwise be compelled to while under supervision. No such relief is available in revocation proceedings. Given a defendant's violation of conditions of supervised release, the relief available is a revocation proceeding that could result in additional imprisonment time or other punitive measure, but not in compelled treatment, medication or any otherwise

compelled compliance of the violated conditions. See 18 U.S.C. § 3583 and United States Sentencing Guidelines § 7B1.3.

In this case, the allegation was that Mr. Negron-Cruz committed Grade C violations to his supervised release term that, given a criminal history category I, yielded a sentencing range of 3 to 9 months in prison. *See* United States Sentencing Guidelines § 7B1.1(a)(3) and § 7B1.4(a). In fact, the guidelines contemplate that a Grade C violation does not even need to result in imprisonment. See United States Sentencing Guidelines § 7B1.3(a)(2). As of the date of the final revocation hearing, defendant had already been imprisoned for five months and, as of now, for not less than ten months, and still he has not been transferred from MDC Guaynabo, Puerto Rico, as ordered. Thus, it is expected that he will be imprisoned for a much-prolonged period of time just to force him undergo psychiatric evaluation and mental health treatment in a North Carolina prison facility. Had Mr. Negron-Cruz violated his supervised release conditions, under the circumstances, and after a revocation proceeding, the court would have imposed its judgment of revocation ordering a period of imprisonment that would have likely been already served, or the court would have ordered any other measure different from compelled compliance. The relief available did not entail forcing upon defendant medical treatment that the

government could not make him voluntarily undergo as part of the supervised release conditions.

The mental health treatment and medication order, not only was issued in violation of all minimal due process, but is unsupported under any standard, and does constitute a violation of Mr. Negron-Cruz's "significant constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of [] drugs and [other mental health treatment].'" *Sell*, 539 U.S. 178.

## VI. CONCLUSION

**IN LIGHT OF THE ABOVE,** it is respectfully requested that the district court order for mental evaluation, examination and treatment be vacated.

**RESPECTFULLY SUBMITTED**.

At San Juan, Puerto Rico, on this 24th day of May, 2021.

s/ Kendys Pimentel Soto
**KENDYS PIMENTEL SOTO**
USDC-PR 226704 - CA 82621
e-mail: kendys@pimentelsoto.com

**KENDYS PIMENTEL SOTO
 LAW OFFICE LLC**
PO Box 270184
San Juan, PR 00927-0184
Tel.: (787) 370-0091

No. 21-1077

IN THE UNITED STATES COURT OF APPEALS
for the First Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

ALEXIS D. NEGRON-CRUZ

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CERTIFICATE OF COMPLIANCE

This brief was prepared using 14-point Times New Roman typeface and Word 2010 software.

The brief has 4,442 Words (not exceeding 13,000 words for opening or answering brief nor 6,500 for reply brief).

I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions. If the Court so directs, I will provide a copy of the word or line print-out.

At San Juan, Puerto Rico, on this 24th day of May, 2021.

<div style="margin-left:40%;">

s/ Kendys Pimentel Soto
**KENDYS PIMENTEL SOTO**
USDC-PR 226704 - CA 82621
e-mail: kendys@pimentelsoto.com


**KENDYS PIMENTEL SOTO**
  **LAW OFFICE LLC**
PO Box 270184
San Juan, PR 00927-0184
Tel.: (787) 370-0091

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record. I also certify that on this date I have served a copy of this brief, including its addendum and its corresponding appendix and sealed supplemental appendix, by delivering it to the following attorney for the government:

> Ms. Mariana Bauzá
> US Attorney's Office (Appellate Division)
> Torre Chardón-Suite 1201
> 350 Carlos Chardón Avenue
> San Juan, Puerto Rico 00918
> Tel. (787) 766-5656

At San Juan, Puerto Rico, on this 24th day of May, 2021.

> s/ Kendys Pimentel Soto
> **KENDYS PIMENTEL SOTO**
> USDC-PR 226704 - CA 82621
> e-mail: kendys@pimentelsoto.com
>
> **KENDYS PIMENTEL SOTO**
> **LAW OFFICE LLC**
> PO Box 270184
> San Juan, PR 00927-0184
> Tel.: (787) 370-0091

No. 21-1077

---

IN THE UNITED STATES COURT OF APPEALS
for the First Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

ALEXIS D. NEGRON-CRUZ

*Defendant – Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

ADDENDUM TO THE BRIEF FOR THE APPELLANT

---

**KENDYS PIMENTEL-SOTO**
*Attorney for Appellant*

Kendys Pimentel-Soto Law Office LLC
USDC-PR 226704
CA BAR NO. 82621
PO Box 270184
San Juan, PR 00927-0184
Tel.: (787) 370-0091
*kendys@pimentelsoto.com*

At San Juan, Puerto Rico
May 24th, 2021

# INDEX TO THE ADDENDUM TO THE BRIEF FOR THE APPELLANT

Order of Commitment, Psychiatric Evaluation and Treatment ............................ 1-2

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **CRIM. NO. 11-229(FAB)** |
| v. | |
| **ALEXIS D. NEGRON-CRUZ** | |
| Defendant. | |

## ORDER

In view of the Order issued during the Revocation of Supervised Released hearing held on December 11, 2020, it is hereby ORDERED that pursuant to the provisions of Sections 4241(a) and (b), 4242(a) and 4247 of Title 18, United States Code, that a psychiatric examination, evaluation and treatment of Alexis D. Negron-Cruz be performed.

The United States Marshal's Office for this district shall make the necessary arrangements to transfer the defendant to Butner Federal Correctional Facility, North Carolina, in order to determine defendant's mental competency to comply with the supervise release term conditions, that is, whether he is able to understand the proceedings against him, to consult with his counsel and aid in his defense and in order to treat defendant as deemed necessary by the psychiatrists at Butner Correctional Institution. The Butner Correctional Institution or the Federal Medical Center shall report in writing to this Court the results of said mental examinations, furnishing a copy to the United States Attorney, 350 Carlos Chardon Ave., Suite 1201, San Juan, PR 00918-2142; and to the defendant's counsel to his address of record. Defendant shall submit himself to such examination and no statement made by him in the course of the examination to determine his mental condition shall be admitted in evidence against him on the issue of guilt or innocence in any criminal proceeding.

The Government shall submit copies of all available records to the Federal Correctional or Medical Institution conducting defendant's mental evaluation.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 11th day of December 2020.


/s/ Francisco A. Besosa
Francisco A. Besosa
United States District Judge


Addendum 02